## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TCYK, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-cv-3825 |
| | ) |
| DOES 1 – 44, | ) Judge Robert M. Dow, Jr. |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are four separate motions to sever defendants for improper joinder and/or quash third-party subpoenas, filed by two unspecified pro se John Does [18, 19], John Doe 11 [21], and Defendant Babafemi George [24]. For the reasons stated below, the motions filed by the two John Does and Babafemi George [18, 19, and 24] are denied. John Doe 11's motion [21] is denied as moot, because Plaintiff has voluntarily dismissed John Doe 11 from the case without prejudice. See [30 and 41].

### I.  Background

On May 23, 2013, Plaintiff TCYK, LLC ("TCYK"), a motion picture producer and developer, brought this copyright infringement suit against forty-four John Does. TCYK alleges that each Defendant illegally downloaded and/or uploaded a copy of TCYK's motion picture "The Company You Keep," starring Robert Redford and Susan Sarandon, using computer software known as BitTorrent. BitTorrent is a software protocol that facilitates internet file-sharing. Compared with the standard peer-to-peer file-sharing protocol in which one user

downloads a file directly from another, BitTorrent allows users to download different small pieces of a file simultaneously from many users. Consequently, BitTorrent enables file-sharing at relative high speeds.

> As Judge Tharp explained:
>
> To share information using BitTorrent, an initial file-provider (the "seeder") elects to share an initial file, called a "seed," with a torrent network. The file to be distributed is divided into segments called "pieces." Other users ("peers") intentionally connect to the seed file to download it. As each peer receives a new piece of the file, the peer also immediately becomes a source of that piece for other peers, relieving the original seeder from having to send that piece to every peer requesting a copy. This is the key difference between BitTorrent and earlier peer-to-peer file sharing systems: "BitTorrent makes file sharing a cooperative endeavor."

*TCYK, LLC v. Does 1-87*, 2013 WL 3465186, at *1 (N.D. Ill. July 10, 2013) (quoting *The Case Against Combating BitTorrent Piracy through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283, 290 (2012)).

Each user who downloads the seed file becomes a potential source of a piece of that file for peers who seek to download it subsequently. As more users download the file, thereby increasing the number of sources from which potential downloaders can take bits of that file, downloading speeds increase for future users. The users who download and upload the same seed file are called, collectively, a "swarm." Once a user who seeks to download a file connects to (effectively joining) an existing swarm, he continuously takes pieces of the seed file from the other users in the swarm until he has downloaded a completed file. Those sources are, by definition, in the swarm because they have already downloaded the seed file. And that new swarm member who joined the swarm to download the file is now also a potential source of file bits for future downloaders who join the swarm. Swarm members are only a *potential* source, because users must be

logged in to the BitTorrent software to share files. Therefore, swarm members must be logged in to the BitTorrent protocol simultaneously to be in the same swarm at the same time. See Compl. ¶ 4; see also *Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *2 (N.D. Ill. Mar. 7, 2013).

TCYK alleges that John Does 1 – 44 participated in the same swarm to download and/or upload an identical version (*i.e.*, the same seed file) of The Company You Keep. Plaintiff does not know the true names of the Defendants at this time. Instead, Plaintiff knows the Internet Protocol ("IP") address assigned to each Defendant by his or her Internet Service Provider ("ISP"). Exhibit B to Plaintiff's complaint is a spreadsheet that, according to Plaintiff, captures the IP addresses, ISPs, and geographic locations of the forty-four John Doe Defendants, as well as the date and time that each IP address downloaded the common seed file. Plaintiff believes that discovery will lead to the true names of the Defendants, at which time Plaintiff intends to amend its complaint with that information.

To that end, Plaintiff has issued third-party subpoenas to the ISPs identified on Exhibit B, seeking the identities and personal information associated with the corresponding IP addresses. Several Defendants, having been informed of the subpoena (and this lawsuit) by their ISP, now seek to quash the subpoena and/or sever all defendants for improper joinder. More specifically:

- An unspecified John Doe argues [18] that Plaintiff has improperly joined the forty-four Defendants because Plaintiff does not allege that they participated in the same swarm *at the same time*, such that Federal Rule of Civil Procedure 20(a)(2) requires the Court to dismiss forty-three of them from the case.

3

- Another unspecified John Doe makes the same argument [19] and, in the alternative, argues that Plaintiff's third-party subpoena to his ISP provider should be quashed because the person to whom the IP address is assigned may not be the only person who accessed the internet through that address.
- Babafemi George, who purports to be a Defendant but does not identify himself by John Doe number or IP address, seeks [24] to quash Plaintiff's subpoena, because – seemingly confused as to whom the subpoena is directed – he is not in possession of the requested documents and has no knowledge of the alleged infringement.

## II.  Analysis

### A.  Motion to Sever for Improper Joinder

Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of defendants. It states: "Persons . . . may be joined as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). John Doe Defendants argue that Plaintiff has failed to allege that the forty-four Defendants in this case engaged in either the same transaction or the same series of transactions. Although Plaintiff alleges that Defendants participated in the same swarm (*i.e.*, that they downloaded, and therefore may also have distributed, the same seed file), Plaintiff acknowledges that Defendants may not have participated in the swarm *at the same time*. See Compl. ¶ 4 (noting that a swarm member is only a source of the file for future downloaders if the swarm member is online at the time that the subsequent peer downloads the file). Plaintiff argues, however, that Defendants' actions

comprise the same series of transactions or occurrences for the purpose of Rule 20, by virtue of the cooperative and interdependent nature of the BitTorrent platform.

Exhibit B to TCYK's complaint sets out the exact dates and times at which the forty-four Defendants allegedly downloaded the movie. The forty-four downloads took place over the span of thirty days, from April 14, 2013 to May 14, 2013. Defendants argue that this underscores the unrelatedness of their actions and the improbability that all forty-four participated in the swarm simultaneously. Defendants argue that, absent an allegation that these forty-four users shared file bits with each other, they cannot be considered to have participated in the same transaction. And absent an allegation that they were necessary links in the file's chain of custody, they cannot be considered to have participated in the same *series* of transactions. Defendants contend that their only connection to each other is that they each allegedly downloaded the same seed file, and that they therefore did not engage in the "same transaction, occurrence, or series of transactions or occurrences" within the meaning Rule 20. Implicit in their argument is that – given the likelihood that this swarm consisted of far more than the forty-four Defendants named in this suit (sued here only because of their physical location in this district) – there is a possibility that not one user among the forty-four Defendants shared a single file bit with another user in this group.

There is a split of authority in this district over the appropriateness of joining defendants who are alleged to have participated in the same BitTorrent swarm. *Compare, e.g.*, *Reynolds*, 2013 WL 870618 at * 2 (finding joinder improper because "[w]here a swarm continues to exist for an extended period of time, it is improbable that defendants entering a swarm weeks or months apart will actually exchange pieces of data."), *with reFX Audio Software, Inc. v. Does 1-111*, 2013 WL 3867656, at *3 (N.D. Ill. July 23, 2013) ("[T]he argument that joinder is appropriate only if defendants participated in the same swarm at the same time . . . ignores the

5

fact that permissive joinder under Rule 20(a) does not require that defendants act in concert with each other, nor does it have as a precondition that there be a temporal distance or temporal overlap.") (internal citations and quotations omitted). The debate centers on whether participation in a swarm constitutes the requisite "series of transactions or occurrences" contemplated by Rule 20, in light of the interdependent quality about BitTorrent file sharing. Rule 20 does not define "series of transactions or occurrences," but there is momentum building in this district in favor of the Federal Circuit's recent articulation of the phrase's meaning. See *Zambezia Film PTY, LTD. v. Does 1-65*, 2013 WL 4600385, at *4 (N.D. Ill. Aug. 29, 2013); *reFX Audio Software*, 2013 WL 3867656 at *3; *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 199-200 (N.D. Ill. May 17, 2013). To date, the Federal Circuit is the only federal court of appeals that has addressed the issue. Tracing the rule's history, past application, and interpretation of the phrase "transaction or occurrence" in other contexts, the Federal Circuit noted that "the mere fact that a case involves independent actors as defendants does not necessarily bring the case outside the scope of Rule 20." See *Malibu Media*, 291 F.R.D. at 200 (quoting *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012)). Citing both the Wright and Miller treatise and Supreme Court case law, the Federal Circuit concluded that "independent defendants satisfy the transaction-or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action." *Id.* at 1356. "The flexibility of this standard enables federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *Malibu Media*, 291 F.R.D. at 201 (quoting Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1652 (3d ed. 1998).

The Court acknowledges the strong arguments on both sides of the issue, but agrees with the weight of the authority and growing trend in this district that participation in a swarm qualifies as engaging in a "series of transactions or occurrences" for the purpose of Rule 20. As other judges in this district have concluded, a user who connects to a swarm joins a "cooperative endeavor." *TCYK, LLC*, 2013 WL 3465186 at *1. Regardless of whether these forty-four defendants contemporaneously participated in the swarm, shared bits of the seed file with each other, or even shared bits of the file at all, each joined the swarm knowing that his participation increased the swarm's ability to disseminate a common seed file quickly and efficiently. The Court therefore concludes that a logical relationship exists among the actions of the Defendants such that joinder is proper. Moreover, joinder here serves the interest of judicial economy, which underlies Rule 20. Wright *et al.*, *supra*, § 1653. "At the pleading stage, it is more efficient to join Doe Defendants in one action than to require separate lawsuits. Individual litigations, at least at the early stages of litigation, would be needlessly expensive for both [Plaintiff] and the courts and would frustrate the judicial efficiency policies at the heart of Rule 20." *Malibu Media*, 291 F.R.D. at 204-05. Accordingly, at this stage of the ligation, the Court denies Defendants' motions to sever for improper joinder.

B.  **Motion to Quash Subpoena**

Although none of the Defendants cite to a specific rule or rely on any authority as the basis for their motions challenging the validity of Plaintiff's subpoenas to Defendants' ISPs, motions to quash are governed by Rule 45 of the Federal Rules of Civil Procedure. Rule 45 provides that a court must quash or modify a subpoena that (1) fails to allow a reasonable time to comply; (2) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (3) requires disclosure of privileged or other protected matter, if no exception or waiver

applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). The party seeking to quash the subpoena bears the burden of demonstrating that it falls within one of the Rule 45 categories. *reFX Audio Software*, 2013 WL 3867656 at *3; *Pacific Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012). Ruling on motions to quash lies within the sound discretion of the district court. See *Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008).

One of the unspecified John Doe Defendants argues that the subpoenas should be quashed, because the person to whom an IP address is assigned may not be the person who actually downloaded TCYK's movie. According to Defendant, an IP address is often associated with a wireless router, not a specific computer. And the name associated with a particular IP address is that of the person who pays the internet bill. Consequently, various people (family members, roommates, opportunistic neighbors, patrons at an internet café) may be using the internet under a single IP address at any given time. Defendant argues that the subpoenas should be quashed on account of the uncertainty this creates and the potential unfairness to an innocent IP addressee.

Construing this pro se Defendant's motion liberally, he seems to argue that the subpoenas impose an undue burden under Rule 45. To the extent that Defendant attempt to advance this argument, he first needs standing to do so. "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *Zambezia Film PTY*, 2013 WL 4600385 at *2 (quoting *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)). Here, we need not decide whether Defendant has standing to challenge the subpoena, because he has not demonstrated that the subpoena imposes an undue burden on him. The Court agrees with the position consistently taken by the other Judges in this district – namely, that a subpoena directed at an ISP does not impose an undue burden on a defendant, because it does not

8

require him to do anything. See *reFX Audio Software*, 2013 WL 3867656 at *3; *Reynolds*, 2013 WL 870618 at * 2; *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012).

To the extent that Defendant is arguing that the information the subpoenas seek is not relevant, and thus prohibited by Rule 26(b)(1), the Court also denies the motion to quash. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents or tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Here, the information sought by the subpoenas is highly relevant to TCYK's claims. Even if the person associated with the IP address is not the person who allegedly downloaded The Company You Keep, obtaining the IP addressee's information is the logical first step in identifying the correct party. Moreover, without the subpoenas TCYK would have no way of prosecuting its copyright infringement claims. For these same reasons, the Court found good cause to grant Plaintiff's request to serve these third-party subpoenas prior to a Rule 26(f) conference. See Court Order Granting Pl. Mot. for Leave to Take Discovery, June 27, 2013 [12]. Accordingly, and consistent with the approach taken by the other judges in this district, the Court denies Defendant's motion to quash, to the extent it argues that the information sought is irrelevant. See *e.g.*, *Zambezia Film PTY*, 2013 WL 4600385 at *2; *reFX Audio Software*, 2013 WL 3867656 at *2; *Malibu Media*, 291 F.R.D. at 197.

Finally, the Court denies Defendants' motions to quash to the extent that Defendants contend that they are not the persons who downloaded The Company You Keep at the respective

9

IP address associated with their name. See *e.g.*, Def. Babafemi George Mot. to Quash [24] (noting that he is "unable to provide the plaintiff with the requested documents because the defendant was not at home during the time and date in question and had no knowledge of the alleged infringement"). That is a general denial of liability, which is not an appropriate basis for quashing a subpoena. See *Purzel Video GmbH v. Does 1-108*, 2013 WL 6797364, at *4 (Dec. 19, 2013); *Malibu Media*, 291 F.R.D. at 197; *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011) (collecting cases). Accordingly, Defendants' motions to quash are denied.

### III. Conclusion

For the reasons stated above, Defendants' motions to sever for improper joinder and/or quash third-party subpoenas, filed by two unspecified pro se John Does and Defendant Babafemi George [18, 19, and 24] are denied. John Doe 11's motion [21] is denied as moot, because Plaintiff has voluntarily dismissed John Doe 11 from the case without prejudice. See [30 and 41].

Dated: February 20, 2014

Robert M. Dow, Jr.
United States District Judge